[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2010
JOHN LEY
CLERK

No. 10-11944
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cv-00285-TJC-MCR

HATTIE PORTER,

Plaintiff-Appellant,

versus

DUVAL COUNTY SCHOOL BOARD,
DENISE ROBINSON, Principal, individually,
VALERIE STANSFIELD, Vice Principal, individually,
DEBBIE MENARD, individually,
DETECTIVE CHARLES WILSON, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 30, 2010)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hattie Porter ("Porter"), proceeding <u>pro se</u>, appeals the dismissal of her amended complaint against the Duval County School Board ("Duval") and four named school officials for failure to state a claim.[1] The district court dismissed Porter's 42 U.S.C. § 1983 claims with prejudice but dismissed her state law claims without prejudice. On appeal, Porter argues that the district court erred by denying her motion to remand, requiring her to amend her complaint, and dismissing her amended complaint for failure to state a claim. After thorough review, we affirm.

I.

First, we decline to address Porter's motion to remand because she waived her claims relating to the motion by either abandoning them on appeal or failing to raise them before the district court. Although we construe <u>pro se</u> pleadings under a "less stringent standard than pleadings drafted by attorneys, . . . . issues not raised below are normally deemed waived." <u>Tannenbaum v. United States</u>, 148

[1] The school officials argue that this Court lacks jurisdiction over Porter's claims against them. We do not agree. Porter's notice of appeal states that she appeals her claims against "The Duval County School Board, et al." The Rules of Appellate Procedure require the appellant to specify the party taking the appeal and expressly allow the appellant to use the form "A, B, et al." to identify the parties to the action. Fed. R. App. P. 3(c)(1)(A). Pursuant to this rule, Porter identified the judgment that she was appealing, the "Final Order of Dismissal," which dismissed her claims against both the Board and the individual school officials. <u>See</u> Fed. R. App. P. 3(c)(1)(B).

2

F.3d 1262, 1263 (11th Cir. 1998). Porter failed to argue before the district court that removal was improper because the notice of removal did not comply with one of the district court's local rules. Similarly, on appeal Porter has abandoned her argument, which she raised below, that the notice of removal was untimely by failing to address it in her briefs. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not argued on appeal are deemed abandoned); Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 n.4 (11th Cir. 2008). Therefore, Porter waived all claims relating to her motion to remand.

## II.

Porter argues that the district court erred when it granted appellees' motion for a more definite statement and required her to file an amended complaint. We review for abuse of discretion a district court's grant of a motion for a more definite statement. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 131 (5th Cir. 1959).[2] Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

_____

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

We cannot say that the district court abused its discretion by granting the motion for a more definite statement. Porter's original complaint was vague and ambiguous. The complaint included numerous claims against multiple defendants stated in lengthy, unnumbered paragraphs. Porter accused various school officials of lying to her, harassing her, and discriminating against her but did not allege sufficient facts to support these allegations. Moreover, Porter identified as the basis for relief for all of her claims "article 9 of [t]he Florida Constitution of due process and [t]he United States Constitution of the Fourteenth Amendment due process clause etc." It is unclear what other provisions Porter was referencing when she included "etc." in her claim for relief. The school board and school officials could not reasonably prepare a response given the lack of detail in Porter's complaint. Thus, the district court acted within its discretion when it granted the motion for a more definite statement and required Porter to amend her original complaint.

## III.

Porter next argues that the district court erred in dismissing her amended complaint for failure to state a claim. This Court reviews de novo orders granting a Rule 12(b)(6) motion to dismiss. Edwards v. Prime, Inc., 602 F.3d 1276, 1291

4

(11th Cir. 2010). We accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. While we construe pro se plaintiffs' pleadings liberally, courts may not act as de facto counsel or "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in* Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 8 does not require a plaintiff to provide detailed factual allegations. Ashcroft v. Iqbal, ---U.S.---, 129 S. Ct. 1937, 1949 (2009). But a complaint will not suffice if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted).

A. *Denial of Access to School Premises*

Porter argues that her claim that school officials violated her constitutional rights by denying her access to school property is cognizable under 42 U.S.C. § 1983. To prove a violation under 42 U.S.C. § 1983, a plaintiff must show that an entity, acting under the color of state law, deprived her of a right under the United States Constitution or federal law. See 42 U.S.C. § 1983.

Porter's claim as to the school's restrictions on her access to school property was not cognizable under § 1983. While parents have a general due process right to direct their children's education without unreasonable interference by the states, Meyer v. Nebraska, 262 U.S. 390, 400, 43 S. Ct. 625, 627 (1923), Porter has provided no legal support for the proposition that this right includes the right to access school premises. See, e.g., Lovern v. Edwards, 190 F.3d 648, 655–56 (4th Cir. 1999) (affirming dismissal of non-custodial parent's claim that prohibiting him from entering school property violated his due process rights as frivolous). Therefore, the district court correctly dismissed this claim.

B. *Failure to Respond to Porter's Report of Inappropriate Touching*

We also reject Porter's argument that she stated a cognizable claim against the individual school officials for failing to address her report that a male student

6

inappropriately touched her daughter. First, the school officials responded to Porter's report. Porter acknowledges that Vice Principal Stanfield met with the male student who allegedly touched Porter's daughter after she reported the incident. Porter also acknowledges that, after her report, the Principal prohibited all male students from sitting with female students on the bus. A report that the Department of Child and Families prepared, and which Porter attached to her amended complaint, reflects that: (1) the male student denied touching Porter's daughter inappropriately, (2) "school personnel have addressed the concern and now keep the children apart at the bus stop," and (3) there was "no need for [counseling] services."

Second, public schools generally do not have the requisite level of control over children to give rise to a constitutional duty to protect them from third-party actors. See Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 655, 115 S. Ct. 2386, 2392 (1995). Moreover, Porter's amended complaint did not expressly allege a violation of her child's due process rights. The district court did not err in dismissing Porter's claim against the school officials.

### C. *Claims Against the School Board*

Porter next argues that she stated a colorable claim against the Duval

7

County School Board for failing to respond adequately to her complaint that school officials did not discipline the student who touched her daughter inappropriately. To impose liability on a municipal government entity, such as a school board, under § 1983, "the plaintiff must identify a municipal policy or custom causing the deprivation of federal rights." Sauls v. Pierce Cnty. Sch. Dist., 399 F.3d 1279, 1287 (11th Cir. 2005) (quotation marks omitted). Municipal entities, cannot be held liable on a theory of respondeat superior. Id. Further, a plaintiff must show that the municipal action was taken with "deliberate indifference to its known or obvious consequences." Davis v. DeKalb Cnty. Sch. Dist., 233 F.3d 1367, 1375–76 (11th Cir. 2000) (quotation marks omitted); see also Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648, 119 S. Ct. 1661, 1673 (1999) (holding that a school district's failure to respond to student-on-student harassment in its schools can support a private suit for money damages under Title IX only if district was deliberately indifferent to known acts of sexual harassment).

Porter failed to state a cognizable claim against the Duval County School Board. Porter failed to identify a custom or policy that caused the deprivation of her or her daughter's federal rights. See Sauls, 399 F.3d at 1287. Nor did Porter

allege in her amended complaint that the Board acted with deliberate indifference. Thus, the district court correctly dismissed Porter's claims against the Board.

**AFFIRMED.**