[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10348
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00827-JSM-EAJ

BETTY HEARN,

Plaintiff-Appellant,

versus

INTERNATIONAL BUSINESS MACHINES,
MARGARET (PEGGY) BUIS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 23, 2014)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Betty Hearn, proceeding pro se, appeals the district court's dismissal of her suit against her former employer, International Business Machines Corporation, and three former co-workers, Peggy Buis, David Allcock, and Russell Mandel (defendants), alleging, among other things, claims of fraudulent misrepresentation and breach of contract. She also appeals the district court's denial of her post-judgment motions for default judgment and reconsideration.

On appeal, Hearn raises four arguments. First, she argues that the district court erred in finding that she did not properly state a claim for fraudulent misrepresentation and breach of contract. Second, she argues that the district court erred in denying her motion to add a claim for breach of contract against Allcock. Third, she argues that the district court erred in dismissing her motions for default judgment because the defendants failed to file an answer to her complaint. Fourth, she argues that the district court erred in failing to grant her motions for reconsideration. After careful analysis, we affirm the district court on each point.

I.

We review de novo a grant of a motion to dismiss for failure to state a claim. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). In reviewing a grant of a motion to dismiss, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id.

2

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must provide the grounds for relief, which "requires more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557, 1275 S. Ct. at 1955). Finally, although "we construe pro se plaintiffs' pleadings liberally, "courts may not act as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Porter v. Duval Cnty. Sch. Bd., 406 F. App'x 460, 462 (11th Cir. 2010) (per curiam) (quotation marks omitted).

Here, Hearn did not properly state a claim for fraudulent misrepresentation in her Second Amended Complaint—the last of three complaints she filed. Under Florida law, fraudulent misrepresentation requires: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Butler v. Yusem, 44 So.3d 102, 105 (Fla. 2010) (quotation marks omitted). At the pleading

3

stage, a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)).

Hearn failed to sufficiently allege that she relied on a false representation made by the defendants. At best, under the heading of "Count Five—Fraud (Florida law)," Hearn stated that IBM and its employees induced her to sign various termination forms that later prevented her from receiving unemployment benefits from the government. But though Hearn repeatedly stated that employees of IBM "made materially false representations" that they knew would be "injurious" to her, she never stated with particularity precisely which representations were false and how she acted in reliance on them. She failed even to state a "time" and "place" that the allegedly false statements were made, let alone their "content." Am. Dental, 605 F.3d at 1291. A complaint requires more than mere "labels and conclusions." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65.

Nor did Hearn properly state a claim for breach of contract. Under Florida law, a breach of contract claim "requires the plaintiff to plead and establish: (1) the

4

existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009). Hearn alleged that the defendants breached her 1996 employment contract, as well as an oral and written contract having to do with her termination in 2010. However, Hearn nowhere stated any particular contract term and precisely how defendants materially breached it. Such "naked assertion[s] devoid of further factual enhancement" do not meet the requirements of Rule 12(b)(6). Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (alteration in original) (quotation marks omitted). As such, the district court properly granted the defendant's motion to dismiss.[1]

## II.

A district court's denial of a motion to amend a complaint is reviewed for abuse of discretion, although the underlying legal conclusion of whether a particular amendment to the complaint would be futile is reviewed de novo. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam).

---

[1] Although Hearn challenges on appeal the district court's dismissal of her state law claims for fraudulent misrepresentation and breach of contract, she does not refer to her federal law claims under the Equal Pay Act and for race discrimination. For that reason, the latter claims are abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Hearn does argue in her appeal that the trial court erred in "dismissing Hearn's claims for violations of Florida and federally protected benefits—Florida Unemployment Benefits, and COBRA benefits governed by ERISA." Appellant's Br. at 37. Because Hearn did not raise these claims in her complaint below, we do not address them here. See Glenn v. U.S. Postal Serv., 939 F.2d 1516, 1523 (11th Cir. 1991) (explaining that a plaintiff "cannot assert for the first time on appeal a new claim not presented to the district court").

Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend a complaint freely, "when justice so requires."  Though a party ordinarily must be given at least one opportunity to amend her complaint, the district court "need not 'allow an amendment . . . where amendment would be futile.'"  Corsello, 428 F.3d at 1014 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)).  A proposed amendment is futile "when the complaint as amended would still be properly dismissed."  Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) (quotation marks omitted).

The district court did not err in denying Hearn's motion to amend her complaint to add a claim for breach of contract against Allcock.  As the district court rightly found, she "d[id] not adequately allege enough facts to show the existence of a valid contract between herself and Allcock."  (Doc. 27 at 2)  Her complaint would have been dismissed even if her amendment had been allowed.

### III.

We review the district court's denial of a motion for default judgment for abuse of discretion.  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).  Default judgment is granted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The defendants here failed neither to plead nor otherwise defend.  They filed timely motions to dismiss following each complaint,

6

which the court granted.  Beyond that, the district court did not abuse its discretion because Hearn filed both motions for default judgment on December 12, 2013, nearly a month after the court dismissed the case with prejudice on November 15, 2013.

## IV.

Finally, a district court's denial of a motion for reconsideration is reviewed for abuse of discretion.  Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007).  Rule 59(e) motions to alter or amend a judgment may only be granted based on "newly-discovered evidence or manifest errors of law or fact."  In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999).  They may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Vill. of Willington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Neither Hearn's first motion—which the district court construed as a Rule 59(e) motion for reconsideration—nor her second motion—which, the district court noted, "state[d] the same basis for reconsideration as Plaintiff's previous motion" (Doc. 40 at 1)—met the high standard for this rare form of relief.  Hearn sought only to "rehash[] arguments the Court ha[d] already rejected."  Parker v. Midland Credit Mgmt., Inc., 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (quoting Lamar Adver. of Mobile, Inc. v. City of

Lakeland, Fla, 189 F.R.D. 480, 490 (M.D. Fla. 1999)).  The district court did not abuse its discretion in dismissing these motions.

For these reasons, we **AFFIRM** the district court.