[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

No. 10-14127
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cv-14357-DLG

SIEGFRIED G. CHRISTMAN,
PAMELA A. CHRISTMAN,

Plaintiffs-Appellants,

versus

HONORABLE THOMAS J. WALSH, JR.,
CHRIS DZADOVSKY,
EDWARD W. BECHT, PA,
DOMINICK PAGANO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Siegfried G. Christman and Pamela A. Christman, proceeding *pro se*, appeal the district court's order denying their motion to amend their complaint in a civil rights action brought pursuant to 42 U.S.C. § 1983 and Florida state law. On appeal, the Christmans argue that the district court erred by concluding that their proposed amendment was futile. The Christmans also contend that the clerk of the district court should have entered a default against Judge Thomas Walsh because he failed to answer their complaint. For the reasons stated below, we affirm.

I.

The Christmans filed a *pro se* complaint against: (1) Thomas J. Walsh, Jr., a county judge in Saint Lucie County, Florida; (2) Chris Dzadovsky, a county commissioner; (3) Edward W. Becht, an attorney, and (4) Dominick Pagano, an individual who had filed a lawsuit against the Christmans. The complaint set forth the following factual allegations. Pagano hired Becht to represent him in a lawsuit against the Christmans. The state court entered a monetary judgment in favor of Pagano, but the Christmans did not pay the judgment immediately. Becht then engaged in *ex parte* communications with Judge Walsh and convinced Walsh to enter a criminal contempt order against the Christmans. Walsh refused to hold a purge hearing as required by Florida law. The Christmans were arrested and imprisoned for ten days. The original complaint raised seven different causes of

action.

Commissioner Dzadovsky and attorney Becht moved to dismiss the Christmans' original complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. On March 13, 2010, the district court dismissed the Christmans' complaint without prejudice.

The Christmans then moved for leave to file an amended complaint. Their amended complaint was based on the same facts as the original complaint, but added another county judge, Kathryn Nelson, as a defendant. The Christmans explained that, after Judge Walsh recused himself, Judge Nelson followed up on Walsh's contempt order and directed that Pamela Christman be arrested and imprisoned for ten days without a purge hearing. The Christmans clarified that they were bringing suit against Commissioner Dzadovsky because he represented the voters who had elected Walsh and Nelson, and because he was responsible for providing executive and judicial services to the judges. The Christmans also noted that Becht was a city councilman and an officer of the court. They explained that Becht had "used his political influence with local law enforcement" to have Pamela Christman arrested.

The amended complaint set forth two causes of action. First, the Christmans raised a claim under 42 U.S.C. § 1983. They maintained that the

3

defendants had violated their rights to procedural due process, substantive due process, and equal protection by imprisoning them without holding a purge hearing. Second, the Christmans asserted a state law claim for intentional infliction of emotional distress against all five defendants.

The Christmans also filed a "Request for Entry of Default," asking the clerk of the district court to enter a default against Judge Walsh. The record reflects that Walsh was served with process on February 25, 2010, and that Walsh's answer was due on March 16, 2010, three days after the district court dismissed the Christmans' original complaint.

The district court concluded that the Christmans' amended complaint would not survive a motion to dismiss, and, therefore, denied the motion to amend as futile. The court explained that the Christmans had not stated a claim under § 1983 because the allegations in the complaint did not show that Becht was a state actor or that Dzadovsky was involved in the constitutional violation. The court also concluded that the amended complaint did not state a claim for intentional infliction of emotional distress because it did not establish that the defendants had engaged in outrageous conduct or that the Christmans had suffered severe emotional distress. Because the amended complaint did not include sufficient factual allegations as to entitle the Christmans to relief on either of their

4

claims, the court concluded that the proposed amendment was futile.

## II.

We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). A district court's determination that an amendment to the complaint would be futile is a legal conclusion that we review *de novo*. *Id.* We may affirm a district court's decision on any ground supported by the record. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss. *Coventry First, LLC*, 605 F.3d at 870. A complaint must be dismissed if it fails to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In determining whether a complaint states a claim for relief, the reviewing court must "accept[] the factual allegations in the complaint as true and construe[] them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

In order to state a claim under § 1983, the plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Section 1983 does not permit recovery under a theory of respondeat superior or vicarious liability. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Therefore, a defendant may be held liable under § 1983 only if he personally was responsible for the constitutional violation. *See id.* (explaining that a supervisor is liable under § 1983 only if he actively participated in the constitutional violation, or if there was a causal connection between his conduct and the alleged constitutional violation).

"Not all actions by state employees are acts under color of law." *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995). A state official

6

acts under color of law when he exercises the authority that he possesses by virtue of his position with the state. *Id.* A private individual, or a state official acting in his capacity as a private individual, may be held liable under § 1983 only under limited circumstances.

This Court employs three distinct tests for determining whether a private individual acted under color of state law: (1) the public function test, which asks whether the private actor was performing functions that have traditionally been the exclusive prerogative of the state; (2) the state compulsion test, which asks whether the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which asks whether the state and the private party were joint participants in a common enterprise. *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003). A private individual also may be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a § 1983 conspiracy, the plaintiff need not produce a "smoking gun," but he must provide "some evidence of agreement between the defendants." *Id.* at 1283-84.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the

clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

Florida courts have explained that a claim for intentional infliction of emotional distress has four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct by the defendant; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe. *See, e.g.*, *Thomas v. Hospital Bd. of Directors of Lee County*, 41 So.3d 246, 256 (Fla. 2d Dist. Ct. App. 2010); *Stewart v. Walker*, 5 So.3d 746, 749 (Fla. 4th Dist. Ct. App. 2009). To demonstrate that the defendant engaged in outrageous conduct, the plaintiff must show that the defendant's actions were "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)).

In this case, the district court correctly concluded that the Christmans' amended complaint would not have survived a motion to dismiss. The factual allegations in the complaint did not state a claim under § 1983 against any of the five defendants. First, the amended complaint failed to show that Commissioner

8

Dzadovsky was personally connected to any of the asserted constitutional violations. Therefore, he was not a proper defendant under § 1983. *See Keating* 598 F.3d at 762. Next, the amended complaint did not show that Becht was acting under color of state law. Although Becht apparently was a city councilman, he was involved in the state court proceedings as a private attorney, rather than in an official government capacity. The complaint's conclusory assertion that Becht used his political influence to have Pamela Christman arrested was insufficient to show that Becht had invoked his state authority. *See Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965 (noting that a complaint must set forth "more than labels and conclusions"). Moreover, the mere fact that Becht engaged in *ex parte* discussions with Judge Walsh and asked him to issue a criminal contempt order did not establish that Becht and Walsh were engaged in a joint enterprise or that they had entered into an agreement to violate the Christmans' constitutional rights. *See Focus on the Family*, 344 F.3d at 1277; *Rowe*, 279 F.3d at 1283-84.

In addition, the amended complaint failed to state a claim against Pagano because it did not include any allegations showing that Pagano had acted under color of state law. *See Holmes*, 418 F.3d at 1258. Finally, Walsh and Nelson were entitled to absolute immunity because they were engaged in judicial activity when they entered and enforced the criminal contempt order. *See Bolin*, 225 F.3d at

9

1239.

The district court also did not err in finding that the amended complaint failed to state a claim for intentional infliction of emotional distress. The facts described in the complaint—that the state court cited the Christmans for criminal contempt and ordered them to be imprisoned for ten days without affording them a hearing—did not rise to the level of extreme, outrageous conduct that was utterly intolerable in a civilized community. *See Metropolitan Life Ins. Co.*, 467 So.2d at 278-79. Because the amended complaint would not have survived a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the district court properly concluded that the Christmans' proposed amendment was futile.

## III.

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk shall enter a default against that party. Fed.R.Civ.P. 55(a). In this case, Walsh's answer was due on March 16, 2010. However, the district court dismissed the Christmans' original complaint without prejudice on March 13, 2010. Once the complaint was dismissed, Walsh was no longer under any obligation to respond to it. Thus, no entry of default was warranted.

Accordingly, after review of the record and the parties' briefs, we affirm.

**AFFIRMED**.

10