UNITED STATES of America and State of Florida ex rel. Barbara SCHUBERT, Plaintiff,

v.

ALL CHILDREN'S HEALTH SYSTEM, INC., et al., Defendants.

Case No. 8:11–CV–1687–T–27EAJ.

United States District Court, M.D. Florida, Tampa Division.

Jan. 8, 2013.

Christopher Craig Casper, Elaine Stromgren, Jillian Levy Estes, Sean P. Keefe, James Hoyer Newcomer & Smiljanich, P.A., Tampa, FL, for Plaintiff.

Jesse A. Witten, Mark H. Sosnowsky, Drinker Biddle Reath LLP, Washington, DC, Latour Rey Lafferty, Fowler White Boggs, Tampa, FL, for Defendants.

## ORDER

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is Relator's Motion for Leave to File Third Amended Complaint (Dkt. 21), to which Defendants have responded (Dkt. 22).[1] Upon consideration, the Motion is DENIED.

### I. INTRODUCTION

Barbara Schubert ("Relator") brings this action under the *qui tam* provisions of the Federal False Claims Act and the Florida False Claims Act. On July 26, 2012, the United States filed notice of its intent not to intervene at that time (Dkt. 3), and the Court unsealed (Dkt. 5) Relator's Second Amended Complaint (Dkt. 2), for which Defendants waived service (Dkt. 7). Relator now moves for leave to file a Third Amended Complaint containing additional allegations in support of Relator's

---

1. Relator was originally granted leave to file a five-page reply in support of the Motion, but that Order was vacated and the Reply stricken after Relator filed an eight-page reply utilizing extensive substantive footnotes (Dkt. 31).

claims, including language and details from emails, notes, contracts, agreements, and other documents supporting the claims.

## II. STANDARDS

 "Ordinarily, 'if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,' leave to amend 'should be freely given.'" *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir.2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 15(a)) (internal citations omitted). Nevertheless, a district court may deny leave to amend the complaint when amendment would be futile. *Id.* at 1263 (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall*, 367 F.3d at 1263). In other words, "[a] district court may deny leave to amend a complaint if it concludes that ... the amended complaint would not survive a motion to dismiss." *Christman v. Walsh*, 416 Fed.Appx. 841, 844 (11th Cir.2011) (citing *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010)).

The party bringing the claim bears the burden of establishing subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir.2005). A defendant bringing a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion— the court must consider the allegations of

the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings.'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). In contrast to a facial attack, when a factual attack is brought, the trial court may examine and weigh evidence related to the court's subject-matter jurisdiction while giving no presumption of truth to the plaintiff's allegations. *See id.*

A valid complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions,'" and it must "contain enough facts to make a claim for relief plausible on its face." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir.2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although it is axiomatic that the Court must accept as true all of the allegations contained in the complaint, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III. ANALYSIS

 Defendants contend that amendment would be futile because the Court would lack subject-matter jurisdiction over the Third Amended Complaint due to the federal public disclosure bar, under which:

(4)(A) The Court shall dismiss an action or claim ... if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—

(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;

(ii) in a congressional, Government Accountability Office, or other Feder-

al report, hearing, audit, or investigation; or

(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). A three-part test determines whether the federal public disclosure bar applies: (1) Have the allegations made by the plaintiff been publicly disclosed? (2) If so, is the disclosed information substantially the same as the allegations or transactions of the plaintiff's suit? (3) If yes, is the plaintiff an "original source" of that information? *See Battle v. Bd. of Regents for Ga.,* 468 F.3d 755, 762 (11th Cir.2006).

The Federal False Claims Act is "most naturally read to preclude suits based in *any part* on publically disclosed information." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.,* 19 F.3d 562, 565 n. 4 (11th Cir.1994). Therefore, a plaintiff basing a *qui tam* claim in any part on publicly disclosed information "must demonstrate that the plaintiff is an original source of that information." *Battle,* 468 F.3d at 762.

Defendants mount a factual attack on the Third Amended Complaint by filing the Declaration of Jesse A. Witten (Dkt. 22–1). The Declaration avers that Defendants were served with an investigative subpoena in a joint Florida-federal investigation, seeking a wide range of documents related to the allegations in the Second and Third Amended Complaint, in response to which Defendants produced over 24,000 pages of documents. (*Id.* ¶¶ 3–4.) These documents, according to the Declaration, are either quoted or referenced throughout the Third Amended Complaint and contain information substantially the same as the allegations in paragraphs 3, 5, 26, 37–38, 42–46, 52–59, 63, 65, 67–69, 71–73, and 75. (*Id.* ¶ 5.) According to Defendants, Relator could not have been an

original source of these documents because some were created after Relator left Pediatric Physicians Services, Inc. ("PPS"), and others, such as handwritten notes and emails on which she was not copied, would not have been available to her.

Defendants' production of documents pursuant to a joint federal-state investigation constitutes a "public disclosure" within the meaning of § 3730(e)(4)(A). *See* § 3730(e)(4)(A)(ii); Dkt. 22–1 ¶ 3 (averring that the documents were produced in response to a subpoena served as part of a joint federal-Florida investigation between the Florida Office of the Attorney General, the United States Attorney for the Middle District of Florida, and the United States Department of Justice); *Seal 1 v. Seal A,* 255 F.3d 1154, 1157, 1161–62 (9th Cir.2001) (disclosure of documents obtained by the United States Attorneys Office to the relator as part of a federal investigation constitutes "public disclosure"). Witten's Declaration and the attached subpoena indicate that the publicly disclosed information is, at least in part, substantially the same as the allegations in the Third Amended Complaint. (*See* Dkt. 22–1 ¶¶ 4–5; *id.* at 8; Dkt. 21–1 ¶ 63 (quoting from employment contract); *id.* ¶ 73 (quoting board meeting minutes).) The only issue remaining, therefore, is whether Relator has carried her burden of demonstrating that she is an "original source."

■ An "original source" is an individual who either

(i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to

the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B). To qualify as an original source, "a plaintiff must have direct and independent knowledge of the information on which the allegations are based." *Battle*, 468 F.3d at 762. Where the plaintiff fails to provide the district court with "specific facts showing that she had direct and independent knowledge of the [information] on which she bases her FCA claims," dismissal for lack of subject-matter jurisdiction is appropriate. *See id.*

Relator's Third Amended Complaint contains two allegations supporting her status as an original source. First, she alleges that "Relator is an original source as defined by the Federal False Claims Act in 31 U.S.C. § 3730(e)(4)(B) and the Florida False Claims Act in Fla. Stat. § 60.087(3)." Dkt. 21–1 ¶ 10. This is a legal conclusion, however, not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937. The Third Amended Complaint also alleges that Relator held a high-level position with PPS and reported directly to William Horton, the Vice President of Strategic Business Services for Defendant All Children's Health System, Inc. (Dkt. 21–1 ¶ 11.) Her status as an executive with PPS, however, does not explain how she was able to obtain various documents quoted in the Third Amended Complaint, including employment contracts, the handwritten notes of others, emails on which she was not copied, and ACHS Board Meeting minutes. (*See* Dkt. 21–1 ¶ 53–54, 63 (employment contracts); *id.* ¶ 45 (handwritten notes of Gary Carnes); *id.* ¶ 55 (communications between Dr. Michael Gallant and William Horton); *id.* ¶¶ 65, 68 (emails between

Carnes and Horton); *id.* ¶ 71 (ACHS Board Meeting Minutes from February 2011).) The Third Amended Complaint does not allege how she obtained the information, nor does Relator explain or allege why certain details omitted from the Second Amended Complaint are included in the Third.

Relator has not satisfied her burden of demonstrating that she is the original source of the information on which at least some of the allegations in the Third Amended Complaint are based. Because the public disclosure bar precludes suits "based in *any part* on publicly disclosed information," leave to file the Third Amended Complaint must be denied. *Cooper*, 19 F.3d at 565 n. 4 (11th Cir.1994); *see Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 476, 127 S.Ct. 1397, 1410, 167 L.Ed.2d 190 (2007) ("Section 3730(e)(4) does not permit jurisdiction in gross just because a relator is an original source with respect to some claim."); *Battle*, 468 F.3d at 762 (11th Cir.2006).[2]

Accordingly, Relator's Motion for Leave to File Third Amended Complaint (Dkt. 21) is DENIED.

---

**2.** Because the public disclosure bar warrants denial of leave to amend, the issue of whether Relator has violated the filing and service requirements of the Federal and Florida False Claims Acts need not be addressed. The Flor-

ida public disclosure bar also need not be addressed because the Court lacks independent subject-matter jurisdiction over a claim under the Florida False Claims Act.