[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12895
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00165-WLS-TQL


DONALD W. TOENNIGES,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS,
WARDEN, AUTRY STATE PRISON,
MARTY ALLEN,
KEITH JONES,
DR. SAUD, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 26, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Donald Toenniges, a former Georgia state prisoner, appeals pro se the district court's grant of the defendants' motion to dismiss Toenniges's civil rights action, brought under 42 U.S.C. § 1983. Toenniges's complaint included claims of the denial and/or delay of medical treatment; medical negligence; deliberate indifference to medical needs; denial of visitation; overcrowding; retaliation; denial of parole; and due process claims regarding denial of access to courts. After numerous motions, magistrate judge recommendations, and orders, the district court ultimately granted the defendants' motions to dismiss based on Toenniges's failure to exhaust the prison grievance process and to state a claim. On appeal, Toenniges argues, among other things, that the district court erred in refusing to grant his motions to amend his complaint pursuant to Fed.R.Civ.P. 15(a). After careful review, we vacate and remand for further proceedings consistent with this opinion.

We review a district court's denial of leave to amend a complaint for abuse of discretion. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). Indeed, we will only reverse a district court's denial of a motion to amend when the district court has clearly abused its discretion. Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1366 (11th Cir. 2007).

2

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed.R.Civ.P. 15(a)(1)(A),(B); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (holding that district court abused its discretion when it denied plaintiff's motion to amend when plaintiff filed his motion before the district court dismissed his complaint and before any responsive pleadings were filed).  A plaintiff has a right to amend a complaint once as a matter of course so long as no responsive pleading has been filed.  Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010).  In Coventry First, we held that a plaintiff waives the right to amend his complaint as a matter of course if he chooses to file a motion to amend instead of filing the amended complaint as a matter of course.  Id. at 869-70.  However, we distinguished Brown because the plaintiff in Brown was pro se. Id. at 870 n.2. Applying this distinction here, Toenniges, proceeding pro se, did not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course.

Nothing in the Prison Litigation Reform Act repeals Rule 15(a).  Brown, 387 F.3d at 1349.  Moreover, "[w]hen the plaintiff has the right to file an amended complaint as a matter of course . . . the plain language of Rule 15(a) shows that the

3

court lacks the discretion to reject the amended complaint based on its alleged futility." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007). Rule 15(a) governs amendment of pleadings before judgment is entered. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).

Here, the district court clearly abused its discretion in not permitting Toenniges to amend his complaint as a matter of course, as he was entitled to do so under Rule 15(a). See Fed.R.Civ.P. 15(a)(1)(B); Smith, 487 F.3d at 1366. The record shows that Toenniges filed two motions for leave to amend his complaint -- the first motion was filed on January 15, 2010, and the second was filed on February 26, 2010. At the time Toenniges filed his motions to amend, no responsive pleadings had been filed. See Coventry First, 605 F.3d at 869. Indeed, the pre-answer motion to dismiss by seven defendants was not filed until May 26, 2010. Further, final judgment was not entered until April 26, 2012. See Jacobs, 626 F.3d at 1344.

The magistrate judge, in denying Toenniges's initial motion for leave to amend, found that Toenniges needed to attach his proposed amended motion so that the magistrate judge could consider its merits. Because Toenniges had the right to amend as a matter of course, however, the merits of his amendment, at that stage, were irrelevant. See Williams, 477 F.3d at 1292 n.6. The magistrate judge further recommended denial of Toenniges's second motion to amend based on the finding

4

that the defendants' later-filed motion to dismiss should be resolved before determining whether to grant Toenniges's motion to amend. But Toenniges's motions to amend were filed months before the seven defendants filed their motion to dismiss.

In adopting the magistrate judge's recommendation, the district court merely stated that "the Docket reflects that none of those conditions [of Rule 15(a)(1)] are satisfied." As we've detailed above, this conclusion was unsupported. See Jacobs, 626 F.3d at 1344; Coventry First, 605 F.3d at 869; Brown, 387 F.3d at 1349. Therefore, Toenniges retained the right to amend his complaint as a matter of course under Fed.R.Civ.P. 15(a)(1)(B). Because the district court clearly abused its discretion in denying Toenniges's motion to amend as a matter of course, we vacate the district court's order denying Toenniges's motion to amend, and remand to allow Toenniges to file an amended complaint. See Smith, 487 F.3d at 1366; Burger King Corp., 169 F.3d at 1315.

Contrary to the appellees' assertions, the failure to allow Toenniges to amend his complaint was not harmless error. The appellees contend that Toenniges's amended complaint would have been dismissed as futile, even if the district court had permitted the amendment. However, as we've said, when the plaintiff has the right to file an amended complaint as a matter of course, the district court lacks the

5

discretion to reject the amended complaint based on its alleged futility. Williams, 477 F.3d at 1292 n.6. Moreover, because we've concluded that the district court should have allowed Toenniges to amend his complaint, we need not address whether Toenniges properly exhausted his administrative remedies or failed to state a claim for relief under his recast complaint. See Bryant v. Dupree, 252 F.3d 1161, 1165 n.3 (11th Cir. 2001) (noting that we need not consider whether the plaintiff's complaint satisfied pleading requirements when the district court should have allowed the plaintiff to amend his complaint as a matter of course).

**VACATED AND REMANDED.**