[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14448
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-04102-CC

MAJOR FORTSON,

Plaintiff-Appellant,

versus

BEST RATE FUNDING, CORP.,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2015)

Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Major Fortson appeals the district court's orders (1) denying Fortson's motion for default judgment against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"); (2) denying Fortson's motion for leave to file an amended complaint; and (3) dismissing Fortson's complaint for failure to state a claim. No reversible error has been shown; we affirm.

Briefly stated, Fortson challenges the foreclosures on seven residential properties in Atlanta, Georgia. Fortson filed suit against Deutsche Bank and Mortgage Electronic Registration Systems, Inc. ("MERS")[1] in federal court for (1) fraud; (2) misrepresentation as legal fraud; (3) fraudulent assignment; (4) wrongful foreclosure; (5) violations of Georgia's Fair Business Practices Act; and (6) violations of Georgia's RICO Act.

Motion for Default Judgment

We review a district court's denial of a motion for default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d

---

[1] Fortson's complaint also named as a defendant Best Rate Funding, Corp. As noted by the district court, it appears that this entity was never served and has not appeared in this action.

2

1309, 1316 (11th Cir. 2002).

Default judgment may be entered against a party who "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Before judgment may be entered against a defendant, the defendant must have been served properly or have waived service of process. See Valdez v. Feltman (In re Worldwide Web Sys.), 328 F.3d 1291, 1299 (11th Cir. 2003).

In response to Fortson's motion for default judgment, Deutsche Bank argued that it had not been served properly. Because Fortson failed to respond to Deutsche Bank's argument and failed to otherwise allege proper service of process on Deutsche Bank, the district court concluded that the sanction of default judgment was unwarranted.

Although Fortson challenges the district court's denial of his motion for default judgment on appeal, he fails to address the sufficiency of the service of process on Deutsche Bank. Fortson has failed to allege proper service of process on Deutsche Bank and nothing evidences an "extreme situation" warranting default judgment. The district court abused no discretion in denying Fortson's motion.

3

Motion for Leave to File an Amended Complaint

In his motion for leave to file an amended complaint, Fortson sought to add as a defendant Chase Bank, N.A., as successor in interest to Washington Mutual (which Fortson asserted "was the entity responsible for the Power of Sale and Acceleration Letter issued in connection with the property"). Fortson attached no proposed amended complaint to his motion and identified no claims he sought to bring against Chase. The district court denied Fortson leave to amend as futile.

We review a district court's denial of a motion to amend a complaint for abuse of discretion. Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010). And we review de novo whether the motion to amend was rejected properly as futile. Id.

"Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations and citations omitted). But leave to amend may be denied properly when the proposed amendment would be futile. Id. at 1262-63. A proposed amendment is "futile" "when the complaint as amended is still subject to dismissal." Id. at 1263.

4

The district court denied properly Fortson's motion to file an amended complaint because Fortson's only proposed amendment -- the addition of Chase Bank as a defendant -- would have cured none of the deficiencies identified -- by the earlier-filed motion to dismiss -- in the original complaint.

Motion to Dismiss

Defendants filed, by "special appearance," a motion to dismiss Fortson's complaint for failure to state a claim. Fortson failed to respond to Defendants' motion. But the district court considered the merits and granted the motion on the merits by means of a reasoned opinion and order.

As an initial matter, Fortson has failed to challenge the district court's conclusions (1) that Fortson's wrongful foreclosure claim was barred by the statute of limitations and (2) that Fortson's claim under the Georgia Fair Business Practices Act was subject to dismissal because the Act does not apply to actions challenging foreclosures. These two claims are abandoned. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

The district court dismissed Fortson's remaining fraud-based claims (including his claims for fraud, misrepresentation as legal fraud, fraudulent

5

assignment, and violation of Georgia's RICO Act) because Fortson's allegations failed to meet the heightened pleading standard under Fed.R.Civ.P. 9(b).[2]

We review de novo the district court's dismissal of a case under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Id. at 1965.

When alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010). Under Rule 9(b), a plaintiff must allege "(1) the precise statements, documents, or or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in

---

[2] In the alternative, the district court also concluded that Fortson lacked standing to challenge the validity of the assignments between MERS and Deutsche Bank. Because the district court dismissed properly Fortson's complaint for failing to satisfy Rule 9(b)'s pleading standard, we need not address the district court's alternative ruling about standing.

6

which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Id.

Fortson's complaint contains only conclusory allegations and fails entirely to identify specific instances of fraud or misrepresentation, the parties responsible for the alleged fraud or misrepresentation, or Defendants' roles in the alleged fraud or misrepresentation. Because Fortson failed to plead his fraud claims with particularity, as required by Rule 9(b), the district court dismissed properly these claims.[3]

AFFIRMED.

---

[3] We reject Fortson's bald assertions on appeal that his claims are plausible and that the pleading standard set forth in Rule 9(b) is impossible to meet without discovery.

7