[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11682

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00387-CV-4-SPM/WCS

COVENTRY FIRST, LLC,

                                                        Plaintiff-Appellant,

versus

KEVIN MCCARTY, Commissioner
of the Florida Office of
Insurance Regulation,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 5, 2010)

Before EDMONDSON, BARKETT and ROTH,* Circuit Judges.

_____

*Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by
designation.

PER CURIAM:

This appeal arises from the District Court's order dismissing Coventry's complaint and denying its motion to amend that complaint. Although Coventry could have filed an amended complaint as a matter of course, it filed a motion to amend and thereby invited the District Court to rule on that motion. For this reason, we conclude that Coventry cannot complain that the District Court accepted its invitation to so rule. We affirm the order of the District Court.

## I. BACKGROUND

### A. Factual background

Coventry First LLC, a Delaware limited liability company headquartered in Pennsylvania, is a licensed viatical settlement provider in Florida, pursuant to the Florida Viatical Settlement Act (the Act), Fla. Stat. § 626.991. Viatical settlement providers purchase life insurance policies from individual policyholders (known as "viators") at a discount, continue to pay the premiums to the life insurer, and then receive the face value of the policy when the viator dies. See Life Partners, Inc. v. Morrison, 484 F.3d 284 (4th Cir. 2007) (providing the history of the viatical settlement industry).

The Act requires that viatical settlement providers obtain a license from the

2

Florida Office of Insurance Regulation (the Office) in order to purchase life insurance policies from Florida residents. § 626.9912(1). The Office may order "any such licensee or applicant to produce any records . . . to determine whether the licensee or applicant is in violation of the law or is acting contrary to the public interest." § 626.9922(1).

On August 14, 2008, the Office requested that Coventry produce extensive business records for the years 2005-2007, including records of viatical transactions with non-Floridia viators.

## B. Lower-court Proceedings

Coventry filed a complaint in the Northern District of Florida against Kevin McCarty, in his official capacity as Commissioner of the Office, seeking preliminary and permanent injunctive relief to enjoin the enforcement of the records request. In addition, Coventry sought a declaratory judgment that the out-of-state records request both exceeded the Commissioner's statutory authority under the Act and violated the dormant Commerce Clause.

After the District Court denied the motion for a temporary restraining order, the Commissioner filed a Rule 12(b)(6) motion to dismiss the complaint. Several months later, but before the court had ruled on this motion to dismiss, Coventry filed a motion to amend its complaint in order to state violations of the Due

Process and the Full Faith and Credit Clauses.

The District Court granted the Commissioner's motion to dismiss the complaint and denied Coventry's motion to amend. In dismissing the complaint, the District Court found that the Commissioner had statutory authority to request the out-of-state records and that the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., shielded the Act from dormant Commerce Clause violations. The court then rejected the motion to amend as futile.

Coventry appealed from these orders, raising four issues: (1) whether the Commissioner's request exceeded his statutory authority under the Act, (2) whether the Commissioner's examination of the out-of-state transactions would violate the Due Process Clause, (3) whether the request violated the dormant Commerce Clause, and (4) whether the District Court erred in denying the motion to amend the complaint.

## II. DISCUSSION

We have jurisdiction under 28 U.S.C. § 1291, and jurisdiction was proper in the District Court under 28 U.S.C. § 1331. We will first briefly discuss the District Court's order dismissing Coventry's complaint, and then discuss Coventry's motion to amend.

4

## A. Rule 12(b)(6) Dismissal

We exercise <u>de novo</u> review of a district court's order to dismiss a case under Rule 12(b)(6). <u>Castro v. Secretary of Homeland Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006). "A motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> (internal citation omitted).

We conclude that Coventry has no plausible right to relief under either the Act or the dormant Commerce Clause. As the District Court concluded, section 626.9922(1) of the Act specifically gives the Commissioner the right to examine the business records of licensees, and there is no indication that the scope of this right was limited to in-state transactions. In addition, the District Court properly found that the Act regulates the business of insurance and, consequently, the McCarran-Ferguson Act shields the Act from the dormant Commerce Clause. Accordingly, we affirm the District Court's order dismissing Coventry's complaint.

## B. Denial of Motion to Amend

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law <u>de novo</u>." <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 477 F.3d 1282, 1291 (11th 2007) (internal citations

5

omitted).  Here, the  District Court's denial of Coventry's motion to amend presents two questions of law.  The threshold question is whether, under Rule 15(a) of the Federal Rules of Civil Procedure, the District Court had the discretion to deny the motion to amend as futile, given that Coventry could have filed an amended complaint as a matter of course.  If the District Court did have discretion to deny the motion as futile, then the second question is whether the motion to amend was properly rejected as futile.  See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("[W]e review de novo a decision that a particular amendment to the complaint would be futile.").

(1)    Rule 15(a)

Federal Rule of Civil Procedure 15(a) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed.  For Rule 15 purposes, a motion to dismiss is not a responsive pleading.[1] Williams, 477 F.3d at 1291.

Here, Coventry had not previously amended its complaint and the Commissioner had not filed a responsive pleading.  Pursuant to Rule 15(a), Coventry could have amended its complaint as a matter of course.  Instead, it filed

_____

[1]This rule has been amended, effective December 1, 2009, to grant a party the right to amend as a matter of course within 21 days of a responsive pleading or motion to dismiss, whichever is earlier.

6

an unnecessary motion to amend, with the proposed amendments attached. We have not yet addressed whether in such a situation a district court may deny the motion to amend as futile.

In Williams, we addressed a very similar, but significantly distinguishable, issue. There, the plaintiff filed a motion to amend her complaint after the clerk of the district court had erroneously refused to docket an amendment filed as a matter of course. The court then ruled on that motion, rejecting as futile some of the plaintiff's amended claims. Id. at 1291-92. We held that, because the clerk of court had erred by refusing to allow the amendment as a matter of course, the district court lacked discretion to reject her claims as futile. Id. at 1292.

Coventry, in contrast, never filed an amended complaint as a matter of course. Instead, it chose to file a motion to amend. We conclude that, in doing so, it waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments. Coventry cannot then complain that the District Court accepted this invitation. See U.S. v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) ("Thus, if a party waives a procedural right or agrees to the admissibility of certain evidence, he cannot later complain that any resulting error is reversible."). For this reason, the District Court had discretion under Rule 15(a)

to rule on that motion.[2]

(2)    Futility

We now turn to the District Court's determination that the proposed amendments were futile. A proposed amendment may be denied for futility "when the complaint as amended would still be properly dismissed." Cockrell, 510 F.3d at 1310. Here, Coventry's proposed amendments sought to add new constitutional claims for violations of the Due Process and Full Faith and Credit Clauses. The District Court found that both of these claims fail as a matter of law. Because Coventry does not appeal the District Court's determination concerning the Full Faith and Credit Clause, we will examine only its claim under the Due Process Clause.

The proposed amended complaint seeks to add a claim for a violation of substantive due process under the Fourteenth Amendment.[3] "The substantive

---

[2] Our conclusion is not inconsistent with Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), in which we held that the district court abused its discretion by denying a motion to amend a complaint before any responsive pleading had been filed. There, the plaintiff was pro se. In addition, we found the district court abused its discretion by relying on the erroneous legal conclusion that Rule 15(a) did not apply by reason of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Here, in contrast, the District Court applied Rule 15 and properly exercised its discretion to consider the motion to amend filed by counsel.

[3] The proposed amendment specifically describes the due process claim as one of substantive due process, not procedural due process. On appeal, however, Coventry's due process arguments appear to claim procedural due process violations, arguing that the Office might apply an arbitrary legal standard when examining its out-of-state records. Because Coventry's proposed amendment does not include a claim for procedural due process violations, we will not discuss it here other than to note that such a claim has not yet materialized. Coventry has not yet

8

component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (internal citation omitted). We agree with the District Court that this proposed amendment fails as a matter of law because Coventry's right to do business in Florida as a viatical settlement provider is established under the Act, not the Constitution, and is therefore not a fundamental right. See id. at 1556. We therefore affirm the District Court's order denying Coventry's motion to amend as futile.

## III. CONCLUSION

For the reasons discussed above, we conclude that the District Court properly dismissed Coventry's complaint and denied Coventry's motion to amend. We therefore affirm the District Court's order.

**AFFIRMED.**

---

been deprived of its license or pursued state law remedies to challenge such a revocation. See McKinney, 20 F.3d at 1557.

9