[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14727

_____

D.C. Docket No. 1:06-cv-00152-JRH-WLB

MICHAEL T. BRANDENBURG,

Plaintiff - Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA,
that created and operates the Medical College
of Georgia (MCG), All jointly and severally and
in conspiracy with one another and unknown others,
MCG HEALTH, INC.,
is an entity created by the Medical College
of Georgia, existing under the power and
authority of the Georgia Board of Regents
created by the State of Georgia, All jointly
and severally, and in conspiracy with one
another and unknown others,
JOHN AND JANE DOES,
in their individual and official capacities,
under color of state law, All jointly and severally
and in conspiracy with one another and unknown
others,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 24, 2013)

Before PRYOR and JORDAN, Circuit Judges, and PRO,[*] District Judge.

PER CURIAM:

Appellant Michael T. Brandenburg ("Brandenburg") sued his former employer, Appellee Board of Regents of the University System of Georgia through its Medical College of Georgia ("MCG"), and a separate company, Appellee MCG Health, Inc. ("MCG Health"), to whom MCG loaned Brandenburg's services. Brandenburg alleged MCG terminated him in retaliation for speaking out on a matter of public concern and summarily fired him without providing notice and an opportunity to be heard. He asserted claims for First Amendment retaliation, a Fourteenth Amendment due process violation, impairment of contracts, chilling of First Amendment speech and association rights, and violation of the Georgia Whistleblower Act. The parties agreed to stay the federal lawsuit while Brandenburg pursued state administrative remedies. The district court later lifted the stay over Brandenburg's objection, and subsequently granted MCG's motion to dismiss, denied Brandenburg's motion to amend his Complaint, and granted MCG

_____

[*]Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

2

Health's motion for judgment on the pleadings. Brandenburg now appeals the lift of the stay, the denial of leave to amend, and the grant of the two dispositive motions. We have jurisdiction pursuant to 28 U.S.C. §1291, and we affirm.

The district court did not abuse its discretion in lifting the stay. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009); Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam). The stay's purpose no longer existed once the Board of Regents issued a final decision upholding the termination. If Brandenburg believed the process that resulted in that decision was constitutionally deficient, he could and should have amended his Complaint accordingly, but he failed to do so. Further, the fact that other potential procedural avenues remained open did not render Brandenburg's procedural due process claim unripe. McKinney v. Pate, 20 F.3d 1550, 1564 n.20 (11th Cir. 1994) (en banc).

The district court did not err in dismissing Brandenburg's claims under 42 U.S.C. § 1983 and § 1981 as to MCG because MCG, as an arm of the State of Georgia, is not a "person" under § 1983. GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012); Bryant v. Jones, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009). The district court also did not err in dismissing the Georgia Whistleblower Act claim against MCG based on Eleventh Amendment immunity. Brandenburg brought suit in federal court, and thus unlike the state defendant in

3

Lapides v. Board of Regents of University System of Georgia, MCG did not waive its Eleventh Amendment immunity by removing the action from state court. 535 U.S. 613, 620 (2002). Further, MCG did not "short-circuit" the administrative process, and even if MCG did so, that would not equate to a waiver of Eleventh Amendment immunity in federal court. MCG's request to reopen the federal case so the district court could resolve the question of whether MCG was entitled to Eleventh Amendment immunity was neither inconsistent with MCG's prior position nor an expression of MCG's belief that the United States' judicial power extended to Brandenburg's claims against MCG. See id. at 619.

The district court did not err by denying Brandenburg's motion to amend. Brandenburg's motion was untimely, and he failed to show good cause to amend the scheduling order. Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam); Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008). Specifically, Brandenburg knew for years that he potentially named the incorrect party and acknowledged he may need to name an official capacity defendant, yet he failed to timely move to amend. Brandenburg asserts MCG is the real party in interest, but the official sued in his or her official capacity for injunctive relief, not the State, is the real party in interest when a plaintiff attempts to obtain prospective injunctive relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989); Luckey v. Harris, 860 F.2d 1012, 1015-16 (11th Cir.

4

1988).  Although Brandenburg contends MCG was required to identify an official capacity defendant as an indispensable party, Brandenburg has not shown an official capacity defendant was either required or indispensable under Federal Rule of Civil Procedure 19.  Neither the district court nor MCG were required to correct Brandenburg's failure to name the proper party.  Brandenburg had several months of discovery during which he could have discovered a proper party to sue, but he failed to do so.  Further, Brandenburg's failure to name the correct party is not a defective allegation of jurisdiction which can be corrected at any time pursuant to 28 U.S.C. § 1653.

Finally, the district court did not err by granting MCG Health's motion for judgment on the pleadings.  As to Brandenburg's § 1983 claims, Brandenburg failed to allege a policy, custom, or practice of Defendant MCG Health that led to his injuries.  Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011).  Additionally, Brandenburg failed to allege facts supporting a reasonable inference that MCG Health's chief executive officer was a final policymaker for MCG, which is the entity that terminated Brandenburg and allegedly failed to provide him due process in connection with his termination.  Quinn v. Monroe Cnty., 330 F.3d 1320, 1325 (11th Cir. 2003).

Brandenburg's other arguments are without merit.  The district court did not consider material outside the pleadings when ruling on the motion to dismiss and

motion for judgment on the pleadings.  The district court did not err by applying the standard for dismissal set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 669-70, 678-80 (2009); <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 954-55, 958 (11th Cir. 2009). Finally, the district court did not err by striking Brandenburg's untimely reply brief and Brandenburg has not identified any prejudice resulting therefrom.

AFFIRMED.