[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11295
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cv-80949-DMM


PAULINE MOODY,

Plaintiff-Appellant,

versus

CITY OF DELRAY BEACH,
DELRAY BEACH POLICE DEPARTMENT,
STATE OF FLORIDA,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Pauline Moody, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 civil rights complaint against the City of Delray Beach and the State of Florida. Liberally construing her brief on appeal, Moody states that the district court erred in dismissing her complaint and denying her request to file a third amended complaint. She argues that she stated a claim under § 1983 arising from her 2011 arrest, detention, psychiatric hold, and prosecution. She claims that she should have been allowed to amend her complaint for a third time in order to properly allege a policy or custom of the City of Delray Beach that led to the violation of her constitutional rights. Upon review of the record and consideration of the parties' briefs, we affirm.

## I.    DISMISSAL OF MOODY'S § 1983 CLAIMS

Moody first challenges the district court's dismissal of her two § 1983 claims. "We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). To state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (alteration

2

adopted) (quotation omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  Though we liberally construe pro se filings, Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), we do not "rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

### A.    CLAIM AGAINST THE STATE OF FLORIDA

The district court did not err in dismissing Moody's complaint against the State of Florida for failure to state a claim.  "[T]o prevail on a civil rights action under § 1983, a plaintiff must show that [she] was deprived of a federal right by a person acting under color of state law."  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  A state is not a person for purposes of § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).  Thus, Moody's claims against the State of Florida were properly dismissed.

### B.    CLAIM AGAINST THE CITY OF DELRAY BEACH

Moody next challenges the district court's dismissal of her § 1983 claim against the City of Delray Beach for failure to state a claim.  Unlike the State of Florida, the City of Delray Beach is a local government entity which we consider a "person" for purposes of § 1983.  See McDowell v. Brown, 392 F.3d 1283, 1289

3

(11th Cir. 2004). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Id. To establish a policy or custom, a plaintiff must show a "persistent and wide-spread practice." See id. at 1290 (quotation omitted). However, a theory of respondeat superior will not establish a municipality's liability. Id. at 1289.

Moody's complaint was properly dismissed because she failed to allege a city policy or custom that caused some violation of her constitutional rights. Instead, she attempts to rely on respondeat superior to establish the city's liability by alleging that the city allowed her to be harmed by various police officers, doctors, and attorneys. Moody's second amended complaint (titled "Definite Statement and Complaint") asserts that the City of Delray Beach "went right along" with Moody's 2007 arrest and "allow[ed] its [police department] employee(s) . . . to violate their municipal policy and custom contract." She also highlights that the City of Delray Beach "never made one attempt to get [Moody] out of the Psychiatric Forensic Hospital," "allowed [Moody's] mental state of mind to be tortured" through forced medication, "allowed [Moody] to be put through another arrest" by a Delray Beach police officer, and "allowed [Moody] to be held against her will for 238 days" in jail and at the mental hospital. These allegations

4

make no mention of any unconstitutional custom or policy of the City of Delray Beach.  Because Moody cannot rely upon respondeat superior to impose vicarious liability on the City of Delray Beach for the actions of its employees, the district court properly dismissed Moody's § 1983 complaint.

## II.    DENIAL OF MOODY'S MOTION TO AMEND

Finally, Moody challenges the district court's refusal to grant her a third opportunity to amend her complaint.  We review a district court's denial of a motion to amend a complaint for an abuse of discretion.  Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam).  However, "we review de novo a decision that a particular amendment to the complaint would be futile." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).  Federal Rule of Civil Procedure 15 sets conditions within which a plaintiff may amend her complaint once, as a matter of course.  However, later amendments may be done only with the consent of the opposing party or leave of the court.  Rule 15 says that courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Despite this generally permissive approach, a district court need not grant leave to amend where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing

5

party"; or (3) the "amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

The district court gave Moody two opportunities to amend her complaint. Despite the district court's specific explanation of the complaint's deficiencies, Moody failed in each earlier amendment to add facts which plausibly connect the City of Delray Beach to the constitutional harms she alleges she suffered. This is true even though "[i]t is difficult to imagine how the district court could have been more explicit in expressing its concern over the complaint's deficiencies and in recommending the changes necessary to correct them." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985). Also, any further amendment against the State of Florida would have been futile, because no § 1983 suit can be properly pleaded against a state. Bryant, 252 F.3d at 1163; Will, 491 U.S. at 71, 109 S. Ct. at 2312. The district court did not abuse its discretion by denying Moody's request for amendment and dismissing her complaint with prejudice.

**AFFIRMED.**