Sasha DIXON, Plaintiff–Appellant,

v.

ALLERGAN USA, INC., Defendant–Appellee.

No. 15–13222
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 14, 2016.

Justin Parafinczuk, Marcus John Susen, Koch Parafinczuk & Wolf, PA, Fort Lauderdale, FL, for Plaintiff–Appellant.

Robert J. McGuirl, James C. Suozzo, Law Offices of Robert J. McGuirl, LLC, Park Ridge, NJ, Iain Leslie Cooper Kennedy, Rebecca Anne Ocariz, Shook Hardy & Bacon, LLP, Miami, FL, for Defendant–Appellee.

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Sasha Dixon appeals the district court's dismissal with prejudice of her fourth amended complaint against Defendant–Appellee Allergan USA, Inc., for failing to plead a claim with the particularity required under Federal Rule of Civil Procedure 9(b). On appeal, Dixon argues that the district court erred in dismissing the complaint because it misinterpreted her allegations. After thorough review, we affirm.

We review *de novo* a district court's order to dismiss a case for failing to state a claim. *Coventry First, LLC v. McCarty,* 605 F.3d 865, 868–69 (11th Cir.2010). We accept as true the facts as alleged in the complaint. *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1303 n. 2 (11th Cir.2002). Because Rule 9(b) applies, Dixon "is not expected to actually *prove* [her] allegations, and we defer to the properly pleaded allegations of the complaint. But we cannot be left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *Id.* at 1313.

The relevant facts, as alleged in the complaint, are these. On October 7, 2011, Dixon read a marketing brochure bearing Allergan's name and logo entitled, "Your Weight–Loss Journey Begins with My Lap–Band Journey." A Lap–Band is a medical device manufactured by Allergan that wraps around the upper portion of a patient's stomach to reduce stomach size. Among other statements, the brochure advertised the Lap–Band as "adjustable and reversible," and "10 times safer than gastric bypass." That same day, a physician surgically implanted a Lap–Band device into Dixon. Dixon had the Lap–Band adjusted two or three times after it was implanted. On December 3, 2012, Dixon experienced severe pain and was admitted to the emergency room. She lapsed into a coma until December 11, 2012, and was hospitalized for approximately twenty days. Doctors determined that Dixon's stomach had turned black from lack of blood supply, rotted, and ruptured, which disbursed her stomach contents throughout her body. Dixon alleges this was caused by the erosion of her Lap–Band.

Dixon's fourth amended complaint, filed June 11, 2015, alleges negligent misrepresentation, fraud in the inducement, fraud in the performance, and fraudulent misrepresentation stemming from the brochure's promises of safety, adjustability, and reversibility. For each count, the complaint alleges:

The [brochure's] statements misled Plaintiff because the LAP–BAND is not 10 times safer than gastric bypass. In fact, from the prospective of outcomes, it

has been shown that gastric bypass is more effective in reducing morbidity and mortality of obesity when compared to the LAP–BAND. Moreover, the LAP–BAND system is not "adjustable and reversible" at any time. In fact, the LAP–BAND is designed to stay within the patient for [the] rest of his/her life.

On July 16, 2015, the district court determined that Dixon failed to allege how the brochure's statements were untrue or misleading, and granted Allergan's motion to dismiss. This appeal follows.

Because each of Dixon's claims sounds in fraud, she "must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). As we have explained:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir.2007) (quotation marks omitted).

■ In this case, the district court held that although "Dixon alleges two misrepresentations by Allergan, neither is supported by facts showing the misrepresentations' falsity or how they are misleading." We agree. Dixon simply failed to plead "the manner in which [Allergan's statements] misled" her. *Tello*, 494 F.3d at 972. Even assuming gastric bypass

has been shown to be more "effective" in reducing morbidity and mortality of obesity, as Dixon alleges, this does not undermine Allergan's claim that the Lap–Band is "safer than gastric bypass." Effectiveness and safety are separate metrics, and Dixon has not pled that Allergan has made misleading statements that concern Lap–Band's effectiveness.

As for Dixon's claim that "safety" and "mortality" are tightly linked, "mortality" must be read in context. Dixon's complaint says that "from the prospective of outcomes, it has been shown that gastric bypass is more effective in reducing morbidity and mortality of obesity when compared to the LAP–BAND." "Mortality of obesity," in the context of this sentence, can only be read as referring to death caused by excessive body weight. The "safety" Dixon claims was overpromised in Allergan's brochure, meanwhile, plainly refers to health effects resulting from the procedure itself. Thus, Dixon may be right that gastric bypass may decrease the risk of death from obesity, relative to Lap–Band. But that does not mean that Allergan's safety statement is misleading if gastric bypass also increases the relative risk of infection, internal bleeding, or other surgery-specific ailments. In short, safety need not be correlated with effectiveness, and Dixon has pled nothing to demonstrate any inconsistency.[1]

■ Similarly, even if the Lap–Band is designed to stay within the patient's body for the rest of her life, as Dixon alleges, this does not render misleading Allergan's statement that the Lap–Band is adjustable and reversible. It is entirely consistent that a medical device may be designed for permanence, but capable of removal when

1. The fact of Dixon's injury is also insufficient to contradict Allergan's statement of relative safety. That a Lap–Band may be more safe than gastric bypass does not guarantee every Lap–Band recipient a safe (or effective) result.

necessary. Dixon's objection to the claim of adjustability is also undermined by the acknowledgement in her complaint that her own Lap–Band was adjusted "2 or 3 times."

Because Dixon failed to plead her claims with the specificity required by Rule 9(b), the district court did not err in dismissing her complaint.

**AFFIRMED.**