[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14868
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00414-TWT

DENISE LAQUA BROOKS,

Plaintiff-Appellant,

versus

AMERICA HOME KEY,
FRANK CAUGHRON,
RENEA RIDDLES,
FIRST AMERICAN TITLE INSURANCE COMPANY,
WESLEY SHANNON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 25, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Denise Brooks, proceeding pro se, filed a complaint against numerous defendants alleging violations of numerous federal and state laws arising out of the foreclosure sale of her property. Several defendants moved to dismiss her complaint for failure to state a claim, and the district court granted their motions.

Brooks later filed a motion for leave to amend her complaint, and in that motion, she stated that the "corporations" had ignored her right of rescission under the Truth in Lending Act. In the proposed amended complaint itself, Brooks only mentioned the Truth in Lending Act in the last paragraph under the final cause of action, which was for a violation of the Fair Debt Collection Practices Act. In that paragraph, she stated that the "[d]efendants ignored the Affidavit of Revocation of Power of Attorney [ ] and Invalid Transfer which rescinded the entire transaction," and that "this is all that would have to be done to satisfy the rescission according to [the Truth in Lending Act]." The remainder of the proposed amended complaint alleged tort claims based on invasion of privacy and negligent hiring, as well as violations of the Fair Credit Reporting Act and the Georgia Fair Business Practices Act.

Some of the remaining defendants moved to dismiss both the complaint and the proposed amended complaint. The district court denied as futile Brooks'

2

motion to amend and granted those defendants' motions to dismiss, reasoning that the complaint was "incomprehensible" and failed to state a plausible claim for relief.  It then ordered Brooks to show cause why the case should not be dismissed as to the remaining defendants, stating that the "action has been pending for more than six months without any substantial proceedings of record [ ] having been taken as to [those] defendants."  Brooks responded, but the district court found that her response "fail[ed] to show any reason to continue the case as to the remaining [d]efendants," so it dismissed the case without prejudice.

Brooks appeals that dismissal.  She contends that the district court erred in dismissing her case because it did not understand her right under the Truth in Lending Act, which "gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated."  Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. __, 135 S. Ct. 790, 791 (2015).  She argues that she notified one defendant, America Home Key, "and others" of her rescission but they ignored it.  The problem is that Brooks never raised a claim based on the Truth in Lending Act in her complaint, nor does her complaint contain any facts to support that claim.  Indeed, Brooks made only one passing reference to the Truth in Lending Act in her complaint.  Brooks did, however, attempt to state a claim under the Truth in Lending Act in her proposed amended complaint, and in construing her brief liberally as we are required to do, see Timson v. Sampson, 518 F.3d 870, 874

3

(11th Cir. 2008), it appears that she seeks to appeal the part of the district court's judgment denying her motion to amend.

We review for abuse of discretion the denial of a motion to amend a complaint. Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1040 (11th Cir. 2006). "However, when the district court denies the plaintiff leave to amend due to futility, we review the denial de novo." Id.

Although courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed," Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (quotation marks omitted). Dismissal is appropriate if a complaint, on its face, does not state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although allegations in a complaint need not be detailed, they must be more than "labels and conclusions" or "naked assertions devoid of further factual enhancement." Id. (quotation marks omitted).

The Truth in Lending Act provides borrowers with a right to rescind "consumer credit transaction[s] . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the

4

person to whom credit is extended." <u>See</u> 15 U.S.C. § 1635(a).[1]  Borrowers can rescind such transactions "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor" of their intent to rescind.  <u>See</u> <u>id.</u> After those three days, borrowers "may rescind only if the lender failed to satisfy the Act's disclosure requirements." <u>Jesinoski</u>, 135 S. Ct. at 792.  But "[e]ven if a lender never makes the required disclosures, the 'right of rescission . . . expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever [occurs] first.'" <u>Id.</u> (quoting 15 U.S.C. § 1635(f)).

Brooks' proposed amended complaint fails to set forth enough facts to state a claim under the Truth in Lending Act.  For example, although she asserts that she sent a document to four defendants rescinding the transaction and they ignored it, it is entirely unclear from the proposed amended complaint what type of transaction Brooks rescinded.  It is also unclear whether the property at issue was her "principal dwelling."  Nor does Brooks allege that the creditors failed to provide her with the required disclosures.  Because the allegations in Brooks' proposed amended complaint do not provide enough "factual enhancement" to state a

---

[1] Section 1635 also explicitly excludes from those transactions certain other transactions, such as a "residential mortgage transaction," which is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition . . . of such dwelling."  15 U.S.C. §§ 1635(e)(1), 1062(x).

plausible claim under the Truth in Lending Act, the district court did not err in denying her motion to amend.

Even if we construe Brooks' brief as challenging the district court's dismissal of her initial complaint for failure to state a claim, the district court did not err in dismissing it. We review de novo a district court's dismissal for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1305 (11th Cir. 2009).

In her complaint, Brooks only mentioned five of the nineteen named defendants outside of the style and "definitions" section. She alleged that America Home Key committed fraud by collecting payments from her for a loan she never received. She stated that she had a copy of a note, which promised to pay America Home Key $79,529.89, but that there was no evidence the loan was ever distributed to her. So, she argued, no debt could be collected. She claimed that Georgia Housing & Finance, State Home Mortgage, Invitation Homes, and I4Homes engaged in theft of property by selling or buying that note. The remainder of her complaint consisted of citations to authority, definitions of terms, and conclusions of law.

Construed liberally and in the light most favorable to her, Brooks failed to plead facts that would allow this Court to reasonably infer that any defendant —

6

with the possible exception of America Home Key — was liable for any wrongdoing.  As a result, aside from America Home Key, Brooks failed to state a plausible claim against any defendant, and dismissal was proper.  See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.  And assuming that she pleaded facts to state a plausible claim against America Home Key, she fails to make that argument in her brief to this Court.  As a result, she has abandoned any argument based on America Home Key's alleged failure to disburse the loan.  See Timson, 518 F.3d at 874 ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citation omitted).

    **AFFIRMED.**[2]

---

[2] Brooks also filed with this Court two motions for summary judgment and a "notice for summary judgment answer to credit reporting agency."  Some of the defendants moved to strike Brooks' first motion for summary judgment.  Brooks' motions for summary judgment are DENIED, and to the extent her "notice for summary judgment answer" is a motion, it is DENIED.  The defendants' motion to strike is DENIED AS MOOT.