[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15380
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cv-00162-HL-TQL


DEXTER SHAW,

Plaintiff-Appellant,

versus

MARTY ALLEN, et. al.,

Defendants,

SHARON LEWIS,
AL MOODY,
N. SELESKA,
BARRON,
CALVIN ORR, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 20, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dexter Shaw ("Shaw"), proceeding *pro se* and *in forma pauperis*, appeals

the district court's dismissal of his 42 U.S.C. § 1983 Eighth Amendment claims

against Calvin Orr, deputy warden of security at Valdosta State Prison ("VSP"); Al

Moody, a physician; Barron (first name not listed), a medical administrator; N.

Seleska, a nurse; and Sharon Lewis, the state-wide medical director (collectively,

"the defendants").  He also appeals the district court's denial of his motion to

amend his complaint.  On appeal, Shaw argues that the district court erred in

dismissing his §1983 Eighth Amendment claims because he showed that the

defendants were deliberately indifferent to his serious medical needs, and erred in

denying him leave to amend his complaint because he should have been allowed to

amend to address the defendant's motion to dismiss.

I.

We review *de novo* a district court's order granting a defendant's motion to

dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the

allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (2008). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). A complaint stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff seeking to show that a prison official acted with deliberate indifference to his serious medical need must satisfy both an objective and a subjective test. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). First, a plaintiff must show that he had an objectively serious medical need. *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quotation omitted). In either situation, there must be a "substantial risk of serious harm" if the condition is not treated. *Id.* (quotation omitted).

Second, a plaintiff must prove that the defendant acted with deliberate indifference to the serious medical need. *Id.* at 1243. To establish deliberate indifference, the defendant must: (1) have subjective knowledge of a risk of serious harm; (2) disregard the risk; and (3) display conduct beyond mere negligence. *Id.* at 1245-46. In other words, a plaintiff must demonstrate that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and actually disregarded that risk. *Id.* at 1245.

Deliberate indifference includes failing or refusing to provide medical treatment to an inmate with a serious medical need, or intolerably delaying treatment of a serious medical need. *Id.* at 1246. Choosing an easier, but less efficacious, course of treatment can also demonstrate deliberate indifference. *McElligot v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). However, mere medical malpractice or a difference in medical opinion does not constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). "Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations and citations omitted).

The district court did not err in dismissing Shaw's claims under 42 U.S.C. § 1983 for Eighth Amendment violations because the allegations in his complaint,

taken as true, cannot show that the defendants were deliberately indifferent to his medical needs.  Shaw failed to show that any of the defendants had subjective knowledge of the risk of serious injury if they discontinued Shaw's scheduled therapy and recommended that he do therapy in his cell.  *See Farrow*, 518 F.3d at 1243.  A mere difference in opinion or even medical malpractice does not constitute an Eighth Amendment violation unless it is "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *See Waldrop*, 871 F.2d at 1033; *Harris*, 941 F.2d 1505. The instruction that Shaw should work out and do therapy in his cell after receiving some therapy fails to meet this standard.  Accordingly, Shaw's complaint did not establish deliberate indifference to his serious medical needs.

## II.

We generally review the denial of a motion to amend a complaint for abuse of discretion, but review questions of law *de novo*.  *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).  We may affirm on any ground that is supported by the record.  *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1088 & n.21 (11th Cir. 2007).  Whether the district court has discretion to deny a motion to amend and whether a motion to amend is futile are questions of law.  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).

Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). We have held that the district court lacks the discretion to deny an amendment as futile when the party has the right to amend as a matter of course under Rule 15(a)(1). *Williams*, 477 F.3d at 1292 & n.6.

Ordinarily, leave to amend not as a matter of course under Rule 15(a)(2) should be given freely, but a district court can deny leave to amend a complaint when the amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). A proposed amendment may be denied for futility when the complaint would still be dismissed after considering the amendment. *Coventry First, LLC*, 605 F.3d at 870.

A party's failure to raise a claim or argument in the district court typically precludes us from reviewing it for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330–31 (11th Cir. 2004). While we read *pro se* briefs liberally, an issue that is not briefed on appeal or that is raised for the first time in the *pro se* litigant's reply brief is abandoned and will not be addressed on appeal. *Timson*, 518 F.3d at 874.

Shaw abandoned the argument that his motion to amend should have been granted as a matter of course because he did not raise the argument in front of the district court or in his brief on appeal. *See Access Now, Inc.*, 385 F.3d at 1330–31;

6

*Timson*, 518 F.3d at 874.  Accordingly, the district court had discretion to determine whether to deny leave to amend and the decision can be affirmed on any ground.  *See Williams*, 477 F.3d at 1292 & n.6; *Bircoll*, 480 F.3d at 1088 & n.21. The district court did not err in denying Shaw's motion to amend because the additional allegations in the amended complaint were not sufficient to overcome the dismissal of his case, and, thus, the amendment was futile.  *See Coventry First, LLC*, 605 F.3d at 870.  Accordingly, we affirm.

**AFFIRMED.**