[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10597

Non-Argument Calendar

_____

ELBERT WALKER, JR.,

Plaintiff-Counter Defendant-Appellant,

_versus_

GERALD BERNARD WILLIAMS,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:20-cv-00099-LAG

_____

Before NEWSOM, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Elbert Walker filed this action against his former criminal defense attorney, Defendant Gerald Williams, asserting a § 1983 claim and various state law claims arising from Defendant's alleged ineffective assistance of counsel. The district court dismissed Plaintiff's § 1983 claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Having dismissed Plaintiff's only federal claim, the district court declined to exercise supplemental jurisdiction over Plaintiff's remaining state claims and dismissed those claims without prejudice. Plaintiff appeals both rulings. We find no error and thus **AFFIRM**.

In conjunction with his appeal, Plaintiff submitted a Motion for Untimely Reply to the Opposition Brief, which we construed as a Motion for Leave to File a Reply Brief Out of Time. We **GRANT** Plaintiff's motion, and we have considered his reply brief in ruling on this appeal.

## BACKGROUND

Plaintiff and two co-defendants were charged in 2012 with one count of conspiracy to commit multiple objects, including arson, bank fraud, wire fraud, mail fraud, bankruptcy fraud, possession of a forged security, and making false declarations in court in violation of 18 U.S.C. § 371. *See United States v. Walker*, 758 F. App'x 868, 869 (11th Cir. 2019). Plaintiff was also charged sepa-

rately with two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). *See id.* The conspiracy charges were based on evidence of a scheme perpetrated by Plaintiff and his co-defendants that involved acquiring various properties, transferring the properties among each other, setting fire to the properties, and then making fraudulent insurance claims to collect money for the fire losses. *See id.* The firearms charges were based on evidence that law enforcement agents found multiple guns, including a shotgun with an obliterated serial number, when they searched Plaintiff's home in connection with the alleged conspiracy, and the fact that Plaintiff had a prior New Jersey conviction for welfare fraud that initially resulted in a two-year sentence. *See id.* at 871.

Plaintiff and his co-defendants elected to have the charges against them tried before a jury, and Defendant Gerald Williams was appointed to represent Plaintiff at trial. *See id.* at 869. After a three-week trial, Plaintiff and his co-defendants were convicted of the conspiracy charge, and Plaintiff was also convicted of the firearms charges. *See id.* at 871. Plaintiff was sentenced to concurrent prison terms of 121 months for the conspiracy, 120 months for each of the § 922(g) firearm offenses, and 60 months for possession of a firearm with an obliterated serial number. *See id.* With the assistance of a different defense attorney, Plaintiff appealed his conviction and sentence to this Court, arguing that

the district court erred by denying his motion for judgment of acquittal on the conspiracy charge and that he was entitled to a new trial because of prosecutorial misconduct.  *See id.* at 868.  This Court affirmed Plaintiff's conviction and sentence in February 2019.  *See id.* at 874.

Plaintiff subsequently filed this *pro se* complaint against Defendant, asserting for the first time that Defendant had provided ineffective assistance during his criminal trial.  In his complaint, Plaintiff asserted a § 1983 claim against Defendant to recover for Fifth and Sixth Amendment violations allegedly arising from the ineffective assistance—specifically, from Defendant's failure to investigate the case, make relevant objections, and properly subpoena or cross-examine witnesses at trial.  According to Plaintiff, Defendant's failures at trial caused him to incur a ten-year sentence in federal prison and resulted in other financial and emotional harm to Plaintiff.

In his Answer, Defendant denied Plaintiff's substantive allegations regarding ineffective assistance of counsel, argued that he did not act under color of law while representing Plaintiff at trial as required for Plaintiff to prevail on his § 1983 claim, and asserted defenses based on failure of service and the statute of limitations.[1]  In conjunction with his Answer, Defendant filed a mo-

---

[1] Defendant also asserted a state law counterclaim, in which he alleged that Plaintiff's complaint was frivolous and sought to recover the expenses of litigating the action.  The district court dismissed the counterclaim, and Defendant has not challenged that ruling on appeal.

tion to dismiss Plaintiff's complaint pursuant to Federal Rule 12(b)(6) for failure to state a cognizable claim.  In support of the motion, Defendant argued that he had not been properly served, that Plaintiff's federal and state claims were barred by the statute of limitations, that he did not act under color of law when he represented Plaintiff as required for Plaintiff to prevail on his § 1983 claim, and that Plaintiff's complaint did not state a claim for recovery under state law.

The district court granted Defendant's motion to dismiss. As to Plaintiff's federal claim, the court noted that § 1983 only provides relief against an official acting under color of law, and that a court-appointed attorney does not act under color of law for purposes of § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  All of Plaintiff's allegations, the court explained, revolved around case-related strategic decisions made by Defendant in the course of his representation of Plaintiff.  As such, the court held, Plaintiff's complaint did not state a claim for relief under § 1983.  Having dismissed Plaintiff's federal claim, the court declined to exercise supplemental jurisdiction over his remaining state claims and dismissed those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The district court acknowledged in its order that a *pro se* plaintiff should be given an opportunity to amend before dismissing his complaint with prejudice when it appears that the com-

plaint "if more carefully drafted, might state a claim." But the court held that dismissal of Plaintiff's § 1983 claim with prejudice was appropriate here, given that Defendant did not act under color of law while representing Plaintiff and thus could not be liable under § 1983 for his alleged ineffective representation. Nevertheless, the court denied Defendant's request to sanction Plaintiff under Rule 11, emphasizing Plaintiff's *pro se* status and the fact that the court could not evaluate the merit of his state claims, having declined to exercise jurisdiction over those claims.

Plaintiff appeals, identifying as issues for appeal whether Defendant deprived Plaintiff of various constitutional rights by failing to investigate his criminal case, make relevant arguments and objections at Plaintiff's trial, and subpoena witnesses to testify at trial. In support of his appeal, Plaintiff argues, as he argued below, that Defendant's ineffective assistance during his criminal trial deprived him of various federal constitutional rights and caused him to suffer emotional distress for which he can recover under state law. Plaintiff does not address in his appellate briefing the district court's rationale for dismissing his § 1983 claim—that is, that Defendant was not acting under color of law while representing Plaintiff in his criminal trial, and thus cannot be liable under § 1983 for any errors he made during the representation. Plaintiff also does not discuss in his brief the district court's decision to decline supplemental jurisdiction over his remaining state law claims.

## DISCUSSION

### I.     Plaintiff's Section 1983 Claim

We review the district court's order dismissing Plaintiff's § 1983 claim under Federal Rule 12(b)(6) *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to Plaintiff. *Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021). A complaint is subject to dismissal under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1299–1300 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted)). "A claim is facially plausible when it is supported by facts that permit a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1300 (quotation marks omitted).

This Court construes a *pro se* litigant's pleadings liberally, and we hold such pleadings to a less stringent standard than pleadings drafted by an attorney. *See United States v. Cordero*, 7 F.4t h 1058, 1068 n.11 (11th Cir. 2021) (noting that "*pro se* pleadings are liberally construed"). However, the Court "may not serve as *de facto* counsel" for a *pro se* litigant or "rewrite" a deficient pleading. *See id.* Like any complainant, a *pro se* plaintiff must include in his complaint enough factual allegations that "raise a right to relief above the speculative level" to survive a Rule 12(b)(6) motion to dismiss. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quotation marks omitted).

The only federal right to relief Plaintiff asserts in his complaint is a claim under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action that allows a plaintiff to recover for the deprivation of a federal right by a person acting under color of state law.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (citing § 1983 and noting that the provision allows recovery where a plaintiff can show he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law").  To prevail on a claim under § 1983, Plaintiff must show both that (1) Defendant deprived him of a right secured by the United States Constitution or federal law and (2) "the alleged deprivation was committed under color of state law."  *Id.*  As noted above, the district court granted Defendant's motion to dismiss Plaintiff's § 1983 claim because all of Plaintiff's allegations involve Defendant's alleged malpractice while representing Plaintiff as court-appointed defense counsel during Plaintiff's criminal trial, and the Supreme Court held years ago that court-appointed counsel "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Dodson*, 454 U.S. at 325.

As an initial matter, Plaintiff has abandoned on appeal any challenge to the dismissal of his § 1983 claim on the ground that he cannot satisfy the color of state law requirement because he failed to address that issue in his appellate briefing.  *See Timson v.*

*Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)). In his opening brief, Plaintiff identifies as issues for appeal whether Defendant violated his federal Due Process and other constitutional rights by committing various errors while representing Plaintiff during his criminal trial. Never once in his brief does Plaintiff argue that Defendant can be liable for the alleged errors under § 1983 because he was acting under color of state law when he committed them.[2] Because Plaintiff has abandoned any argument that he can satisfy the color of state law requirement, we affirm the district court's order dismissing his § 1983 claim. *See id.* (holding that a *pro se* plaintiff had abandoned an issue by failing to address it in his opening brief).

---

[2] Had Plaintiff attempted to raise the color of law issue in his reply brief, which we have considered despite its untimely filing, it would have been too late to preserve the issue for appeal. *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief."). But we note that Plaintiff's reply brief for the most part just rehashes the arguments made in his opening brief. Plaintiff argues in his reply brief that he was not a convicted felon when he was charged with the § 922(g) offense in this case, that the Government fabricated evidence in his criminal trial, and that Defendant failed to investigate, make objections, and subpoena or cross-examine witnesses at trial. Plaintiff does not squarely address in his reply brief the district court's reason for dismissing his § 1983 claim: that Defendant did not act under color of law while representing Plaintiff and thus cannot be held liable under § 1983 for his alleged errors during the representation.

We note also that the district court did not err on the merits by dismissing Plaintiff's § 1983 claim on this ground, because the allegations in Plaintiff's complaint do not support a rational inference that Defendant acted under color of state law when he represented Plaintiff in his criminal trial and they do not suggest any other plausible basis for holding Defendant liable under § 1983. However, we do clarify one point that neither party has addressed. Plaintiff was indicted on federal charges and tried in federal court, and it appears from the record that Defendant was appointed to represent Plaintiff by the federal district court in the Middle District of Georgia. Plaintiff's claim for constitutional error presumably would thus arise, if at all, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than § 1983. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (noting that *Bivens* recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights"). The difference between the two claims is that Plaintiff would have to show that Defendant was acting under color of federal—as opposed to state—law to prevail under *Bivens. See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." (citation and quotation marks omitted)).

Nevertheless, and pursuant to the above discussion, Plaintiff has abandoned any argument that Defendant acted under col-

or of either state or federal law by failing to address the issue in his appellate briefing. Furthermore, we see no reason why the Supreme Court's holding in *Dodson*—that a court-appointed attorney representing a defendant in state court does not act under color of state law—should not apply equally to a court-appointed attorney representing a defendant in federal court. The Court reasoned in *Dodson* that a court-appointed attorney representing a criminal defendant in state court does not act under color of state law because he "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *See Dodson*, 454 U.S. at 321. That rationale holds true for a court-appointed attorney representing a defendant in federal court, meaning that Defendant did not act under color of state or federal law while representing Plaintiff and thus cannot be held liable under either § 1983 or *Bivens*. We make this point only to clarify that any claim Plaintiff might have asserted under *Bivens*, but failed to assert possibly because of his *pro se* status, would be subject to dismissal under Federal Rule 12(b)(6) for the same reason that his § 1983 claim was dismissed. *See id.*

Finally, we agree with the district court that amendment to Plaintiff's complaint would be futile. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." (quotation marks omitted)). Again, Plaintiff's allegations are all based on malpractice allegedly committed by Defendant while representing Plain-

tiff as a court-appointed attorney during Plaintiff's criminal trial. Pursuant to *Dodson*, there is no basis for holding Defendant liable under federal law for the alleged malpractice. *See Dodson*, 454 U.S. at 325. Thus, the district court did not err when it dismissed Plaintiff's § 1983 claim with prejudice.

## II.    Plaintiff's State Law Claims

Having dismissed Plaintiff's only federal claim, the district court declined to exercise supplemental jurisdiction over Plaintiff's remaining state claims and dismissed those claims without prejudice. Again, Plaintiff abandoned this issue by failing to address it in his opening brief. *See Timson*, 518 F.3d at 874.

Even if Plaintiff had raised the dismissal of his state claims as an issue, we discern no error. A federal district court "may decline to exercise supplemental jurisdiction" over pending state law claims once the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After the dismissal of Plaintiff's § 1983 claim, there remained no pending claim over which the district court had original jurisdiction. At that point, the court had discretion to dismiss Plaintiff's state claims, and it followed this Court's guidance in choosing to do so. *See Woods v. Comm'r, Ala. Dep't of Corr.*, 951 F.3d 1288, 1295 (11th Cir. 2020) (noting that the decision to exercise supplemental jurisdiction over state claims once federal claims have been dismissed is within the district court's discretion, and that this Court has encouraged dismissal of state claims following the dismissal of a plaintiff's federal claims).

## CONCLUSION

For the foregoing reasons, we construe Plaintiff's Motion for Untimely Reply as a Motion for Leave to File a Reply Out of Time and we **GRANT** that motion. Having carefully reviewed the record and the arguments of the parties on appeal, we **AFFIRM** the district court's order dismissing Plaintiff's complaint.