[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11278
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cv-00045-JRH-RSB

STEPHEN RAY HOKE,

Plaintiff - Appellant,

versus

MR. LYLE,
Chaplain,
WARDEN,
TIFFANY HENRY,
Mailroom Supervisor,

Defendants - Appellees,

GOVERNOR, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 27, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Stephen Hoke, a Georgia prisoner, appeals the district court's dismissal of his *pro se* civil rights suit, brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), challenging the return of a Bible study course and religious calendar to the senders after he failed to submit a "prior package" request as required by prison policy. The district court granted defendants' motions to dismiss without expressly addressing Hoke's request for leave to amend his complaint. On appeal, Hoke argues, among other things, that the district court abused its discretion by not addressing, and thereby implicitly denying, his request for leave to amend. After careful review, we vacate and remand for further proceedings consistent with this opinion.

We review a district court's denial of leave to amend a complaint for abuse of discretion. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007). Where (as here) a district court has not explicitly denied a pending motion,

2

the subsequent entry of final judgment constitutes an implicit denial of that motion. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981).

A party may amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A),(B). Ordinarily, a plaintiff waives his right to amend his complaint as a matter of course when his counsel files an unnecessary motion for leave to amend. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010). However, a *pro se* plaintiff (unlike a counseled party) does not waive his right to amend as a matter of course by seeking the court's leave to amend. *See id.* at 870 n.2.

Under ordinary circumstances, a district court may properly deny leave to amend where amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). However, "[w]hen the plaintiff has the right to file an amended complaint as a matter of course . . . the plain language of Rule 15(a) shows that the [district] court lacks the discretion to

3

reject the amended complaint based on its alleged futility." *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007).

Because Hoke is a *pro se* litigant who had not previously amended his complaint, and because he requested leave to amend nearly seven weeks before the defendants filed their Rule 12(b) motion, he had the right to amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a). Therefore, the district court abused its discretion by failing to grant Hoke leave to amend his complaint as a matter of course, as he was entitled to do under Rule 15(a).[1]

Accordingly, we vacate the dismissal of Hoke's suit and remand to the district court for further proceedings consistent with this opinion. In light of this conclusion, we needn't address Hoke's remaining claims.

**VACATED AND REMANDED.**

---

[1] Contrary to the defendants' assertions, the failure to allow Hoke to amend his complaint was not harmless error. Because Hoke had the right to file an amended complaint as a matter of course, the district court lacked the discretion to deny leave to amend based on the alleged futility of the proposed amendments. *See Williams*, 477 F.3d at 1292 (rejecting the argument that the district court's denial of leave to amend was harmless error due to the alleged futility of the proposed amendments because the court "lacked the discretion to make that determination at that time").