[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11810

Non-Argument Calendar

_____

SAMUEL KNOWLES,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

DEPARTMENT OF JUSTICE,

UNITED STATES DEPARTMENT OF STATE,

SECRETARY OF STATE,

ATTORNEY GENERAL, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-60996-JIC

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel Knowles brought this *pro se* action against the United States, the Department of Justice, the Department of State, Secretary of State Rex Tillerson, Attorney General Jeff Sessions, and three U.S. Attorneys. Knowles appeals from the district court's grant of the defendants' motion to dismiss his complaint and denial—on the basis of futility—of his request for leave to amend. For the following reasons, we affirm.

I

Knowles is a citizen of the Bahamas. He was indicted by a federal grand jury in 2000 for multiple offenses related to a large-scale drug-trafficking conspiracy. The United States requested his extradition and, despite Knowles's protests in the Bahamian courts, the island nation authorized his extradition. Knowles proceeded to trial, and a jury found him guilty of two cocaine-related offenses.

Since then, Knowles has filed more than half a dozen appeals in this court related to his conviction. In this latest episode, he has sued a slew of federal entities and officers "for failure to provide

and record [his] extradition Treaty Documents into his federal criminal case." This failure, he says, violated 42 U.S.C. § 1983, Article 36 of the Vienna Convention, his due process rights under the Fifth Amendment, and the Federal Tort Claims Act (FTCA).

After the defendants moved to dismiss, a magistrate judge made several determinations: (1) Knowles had not stated a valid claim against Sessions and Tillerson because he hadn't mentioned either of them in his allegations; (2) Knowles's § 1983 and FTCA claims failed because he only mentioned them once in the introduction to his complaint; (3) Knowles's claims were barred by sovereign immunity; (4) the three U.S. Attorney defendants were protected by prosecutorial immunity; (5) the Vienna Convention didn't create judicially enforceable individual rights; (6) Knowles's Fifth Amendment claim challenged his conviction, and he could only challenge his conviction through a successive § 2255 motion; (7) Knowles hadn't met his burden of showing entitlement to a preliminary injunction; and (8) Knowles's request for extradition documents was barred by *res judicata* because a previous case he had brought under the Freedom of Information Act (FOIA) involved the same facts and a request for the same documents. Based on these conclusions, the magistrate judge recommended dismissing Knowles's case with prejudice.

Knowles objected and argued, *inter alia*, that he should be granted leave to amend his complaint. In doing so, however, Knowles didn't tender a proposed amended complaint or explain what else he would allege.

The district court overruled Knowles's objections and adopted the magistrate judge's report and recommendation in full. With respect to Knowles's request for amendment, the court concluded that any amendment would be futile. It explained that:

> The only injuries [Knowles] purports to have suffered in his Complaint are (1) his allegedly improper extradition and (2) the withholding of his extradition documents. With respect to the latter, whatever right he may have to his extradition documents has been adjudicated in his FOIA action, and he is precluded by *res judicata* from relitigating that issue here. . . . And with respect to the former, judicial review of extradition procedure may only be done on habeas review, not through a *Bivens* or FTCA action. . . . There is therefore no way that [Knowles] could draft his Complaint such that it could withstand a motion to dismiss.

The district court then dismissed Knowles's complaint with prejudice. Knowles appealed, claiming that he should have been granted leave to amend.

## II

We generally review the denial of a motion to amend a complaint for an abuse of discretion. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam). Under Federal Rule of Civil Procedure 15(a)(2), district courts should freely grant leave

to amend a complaint if justice requires.  But a court can refuse to grant leave to amend if any amendment would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).  That is, "if a more carefully drafted complaint could not state a claim," then dismissal with prejudice is proper.  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam)).

We deem a legal claim or argument not briefed before us abandoned, and we will not address its merits.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  A claim is abandoned on appeal when it is made in passing or raised in a perfunctory manner without supporting arguments or authority.  *Sapuppo v. Allstate Floridian Ins. Co*, 739 F.3d 678, 681 (11th Cir. 2014).  Although we liberally construe the pleadings of *pro se* litigants, we still deem issues that a *pro se* appellant hasn't clearly raised on appeal abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  Similarly, we don't address arguments raised for the first time in a reply brief—even for *pro se* litigants.  *Id.*

Here, Knowles has abandoned any argument that the court erred by denying him leave to amend.  As stated above, the district court explained why there was "no way" Knowles could save his complaint through amendment.  In his opening brief, Knowles makes no attempt to rebut the district court's analysis.  *See Sapuppo*, 739 F.3d at 680 (explaining that an appellant must "convince us that every stated ground for the judgment against him is

incorrect"). He does not challenge any of the district court's legal conclusions regarding the merits of his claims. Nor does he offer any specific details or arguments on how he could amend his complaint to state a claim. He simply states—in conclusory fashion—that he "would have corrected all of [his complaint's] deficiencies." Br. of Appellant at 2. That's not enough to preserve the issue for our review. *See Sapuppo*, 739 F.3d at 681.

Moreover, to the extent Knowles raises any new arguments or issues for the first time in his reply brief, we do not consider them. Those arguments, too, are abandoned. *See Timson*, 518 F.3d at 874; *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (per curiam). "It follows that the district court's judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 683.

★  ★  ★

We **AFFIRM**.