[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13823

Non-Argument Calendar

_____

KEMI GUO,

Plaintiff-Appellant,

*versus*

GARY ROSEN,
LINDA ROSEN,
CERTIFIED MOLD FREE CORP,
a.k.a. Certified Mold & Allergen Free,
ROBERT SHOENFELT,
ACCUPRO INSPECTION SERVICES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62363-JIC

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Kemi Guo, proceeding pro se, appeals the district court's order dismissing with prejudice his Second Amended Complaint (SAC), which alleged violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), mail and wire fraud, and various state tort law claims and violations of Florida statutes, as an impermissible shotgun pleading.[1]  On appeal, Guo first argues that the district court abused its discretion by dismissing his SAC because it was an improvement from his prior complaints in that it was substantially shorter and the court misunderstood critical facts, ignored newly proposed claims, and misapplied evidence in its haste to "clean its docket."  Second, Guo argues that that the district court abused its discretion by failing to render a decision on his proposed Third Amended Complaint as he had continued to improve his complaints by shortening them and he submitted new

_____

[1] A shotgun pleading violates the Rule 8 mandate to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

evidence in the form of two depositions that the court refused to consider. Third, Guo argues that the district court judge should have been disqualified because various statements in his orders showed his pervasive bias.

## I.

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). However, we liberally construe pro se pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1206 (11th Cir. 2019).

A complaint must contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1321–23. All these types of shotgun pleadings are characterized by their failure "to

give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2008) (quotation marks omitted). If the court permits the plaintiff to amend and explains in its re-pleading order how the offending complaint violates the shotgun pleading rule, but the plaintiff still fails to remedy the shotgun pleading issues, the court does not abuse its discretion in dismissing the case with prejudice. *Id.* at 1295–96.

In the context of non-habeas civil cases, we have stated that dismissal with prejudice "is an extreme sanction" that is only appropriate when "a party engages in a clear pattern of delay or willful contempt . . . [and] the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quotation marks omitted). However, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court provided Guo the opportunity to amend his complaint after advising him of its deficiencies and warning him that failure to cure the deficiencies would result in the complaint's dismissal. Despite this second chance to amend, Guo's SAC was still replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. For this

reason, the district court was within its discretion when it dismissed Guo's SAC with prejudice. *See id.*

## II.

We review a district court's ruling upon a Rule 60(b)(4) motion de novo "because the question of the validity of a judgment is a legal one." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted). Review under Rule 60(b) "is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (quotation marks omitted). "The losing party 'must do more than show that a grant of [the] motion might have been warranted'; he 'must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion.'" *Id.* (alterations in original). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (internal quotation marks omitted).

We generally review the denial of a motion to amend a complaint for an abuse of discretion. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam). Prior to the dismissal of the case, a party may amend its complaint "once as a matter of course within 21 days after serving it," and, in all other cases, "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). The Supreme Court has stated

that under Rule 15, leave to amend "should be freely given," if the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny leave to amend the complaint "when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). An amendment is futile when the complaint as amended would still be subject to dismissal. *Id.*

Here, the district court did not err in in denying Guo's "Expedited Motion to Reconsider And Leave to File Third Amended Complaint," pursuant to Rule 60(b)(4), or otherwise abuse its discretion in denying that motion and Guo's motion to supplement newly discovered evidence because he failed to show that he was entitled to reconsideration pursuant to any of the Rule 60(b) provisions, and any amendment to his SAC would have been futile.

## III.

We generally review the district court's denial of a recusal motion for an abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994) (per curiam). Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. Under the former, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* §

455(a). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir. 1988). Under § 455(a), "a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quotation marks omitted).

Generally, bias sufficient to disqualify a judge must stem from extrajudicial sources. *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983). However, an exception exists where a judge's remarks in a judicial context demonstrate pervasive bias and prejudice against a party. *Id.* Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam).

After reviewing the district court's prior orders, we do not find any evidence to support pervasive bias and prejudice, nor does Guo's arguments point us to any specific evidence. Thus, the district court judge did not abuse his discretion in not recusing himself. Accordingly, we affirm.

**AFFIRMED.**